```
                                          Eastern District of Kentucky
                                                  FILED
          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF KENTUCKY          MAY 2 4 2006
                 AT COVINGTON
                                                AT COVINGTON
                                                LESLIE G WHITMER
                                             CLERK U S DISTRICT COURT
```

CIVIL ACTION NO. 2004-214 (WOB)

BRIDGET CASSIDY-ZIEGLER                                PLAINTIFF

VS.              MEMORANDUM OPINION AND ORDER

CITY OF NEWPORT, ET AL                                 DEFENDANTS

   This matter is before the court on defendants' motion for summary judgment (Doc. #48), defendants' motion to file reply (Doc. #60), plaintiff's motion to strike (Doc. #62), and defendants' motion to continue trial date (Doc. #71).

   The court heard oral argument on these motions on Thursday, May 11, 2006. Kenneth Scott and Gail Langendorf represented the plaintiff. Amanda Green and Thomas Sweeney represented the defendants. Also present was plaintiff Bridget Cassidy Zeigler. Official court reporter Joan Averdick recorded the proceedings.

   Having reviewed the record and heard the parties, the court concludes that there are triable issues of fact on plaintiff's claim that she was fired in retaliation for the exercise of her First Amendment right of political association. Plaintiff has satisfied the first element of this claim by showing that she supported Jeff Ballard, a non-incumbent candidate for the Newport City Commission in 2004, that City officials were aware of her support for Ballard, and that they confronted her about it on at

least two occasions. Further, plaintiff has satisfied the second element because it is undisputed that she suffered an adverse action in that her employment was terminated.

What remains for a jury to determine, and the issue on which there are genuine disputes of material fact, is *why* was plaintiff fired? Defendants assert sundry performance problems as the reason for their decision, yet the sequence of events and totality of the record evidence would also support a reasonable inference that plaintiff's support for Ballard was a motivating factor for her termination, and that defendants would not have made the same decision absent plaintiff's protected activity. Summary judgment on Count I of the complaint is thus inappropriate.

As to Count II of the complaint, the court finds that the undisputed facts do not bring this case within the purview of KRS 121.310. Plaintiff does not contend that she was threatened with discharge if she voted for Ballard, but rather that she was retaliated against for activity (or perceived activity) in support of his campaign prior to the election itself. Indeed, the November 2004 election did not occur until some three months after plaintiff's termination. Further, plaintiff does not allege that she was coerced into voting for any candidate in particular. Summary judgment on Count II is thus appropriate.

In Count III, plaintiff asserts a claim for "public policy

2

wrongful discharge." Insofar as this claim is premised on the public policy set forth in KRS 121.310, it fails for the reasons already discussed with respect to that statute. However, insofar as plaintiff bases her public policy claim on the First and Fourteenth Amendments to the United States Constitution, the claim is viable and presents the same triable issues of fact as her § 1983 claim. Defendants' argument that *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1986), precludes such a theory is misplaced as the plaintiff there was a private, not public, employee, and thus the employer's actions did not implicate the constitutional rights at issue here.

The court also finds that triable issues of fact exist on plaintiff's claim for slander against defendant Knepshield. Knepshield's statements -- that plaintiff was working on non-City matters on City time -- would impute to plaintiff a lack of fitness for her job and, insofar as the statements were made to persons then not employed by the City (e.g., Pat Wingo), they fall within no privilege. Summary judgment on Count IV is thus inappropriate.

As to Count V of the complaint, plaintiff concedes that defendants' motion is well-taken and that her claim under KRS 61.101 should be dismissed.

Next, defendants assert that the "after-acquired evidence" doctrine limits plaintiff's potential remedies because it came to

3

light during discovery in this litigation that plaintiff did not have a high school diploma as she had represented on her application. *See generally McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352 (1995). Apparently, plaintiff was one math credit shy of earning her high school degree. However, plaintiff has presented evidence that she was hired on the basis of her resumé, which was accurate and which also showed that she had completed college business courses notwithstanding the lack of a high school diploma.

While defendants assert that they would never have considered plaintiff for hire if they had known she did not have a high school degree, that is not the relevant inquiry. Instead, the relevant question is whether, had plaintiff still been employed at the time this information came to light (June 13, 2005), would defendants have fired her at that time? Given that plaintiff by then would have been employed with the City for four years, and given the totality of the record, the court finds that there is a triable issue as to whether the City would have fired plaintiff for being one credit short of a high school degree. *See McKennon*, 513 U.S. at 363 (doctrine limits damages only if "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time"). *See also Freeman v. Chicago Park Dist.*, No. 94C5624, 1997 WL 371098, at *5-*6 (N.D. Ill. June 27,

4

1997) (holding that there was genuine issue for trial "regarding whether the alleged wrongdoing was so severe that plaintiff, in fact, would have been terminated").

Defendants also move for summary judgment on plaintiff's claim for punitive damages. Defendants are correct that punitive damages are not recoverable against a municipality such as the City of Newport in a section 1983 suit. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Similarly, because a suit against City employees in their official capacities is in essence a suit against the City, punitive damages are not recoverable from the individual defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Punitive damages are, however, recoverable from city officials sued in their personal capacities. *Id.* at n. 13 (citation omitted). For the same reasons that the court has denied summary judgment on plaintiff's § 1983 claim, the court finds that plaintiff is entitled to submit to a jury her punitive damage claims against the individual defendants sued in their personal capacities.

Finally, defendants have moved to continue the trial date based on their counsel's impending maternity leave. Plaintiff does not object to such a continuance.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

5

**IT IS ORDERED** that:

(1) Defendants' motion for summary judgment (Doc. #48) be, and is hereby **DENIED** as to Counts I and IV of the complaint, **GRANTED** as to Counts II and V, and **GRANTED IN PART AND DENIED** in part as to Count III and plaintiff's claim for punitive damages, all consistent with the above discussion;

(2) Defendants' motion for leave to file reply (Doc. #60) be, and is hereby, **GRANTED** and that reply is deemed **FILED**;

(3) Plaintiff's motion to strike (Doc. #62) be, and is hereby, **DENIED**;

(4) Defendants' motion to continue trial date (Doc. #71) be, and is hereby, **GRANTED**. The trial date of June 5, 2006 be, and is hereby, **CONTINUED to Monday, October 16, 2006**; and

(5) A further final pretrial conference is **SET for Friday, October 6, 2006 at 2:00 p.m.**

This 24th day of May, 2006.

_William O. Bertelsman_
**WILLIAM O. BERTELSMAN, JUDGE**

TIC: 27 min.